# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROSE STABLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0103-WS-N |
| | ) |
| FLORIDA VAN LINES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Amend Pleadings (doc. 16). The Motion, which was filed on October 4, 2011, reflects that defendant wishes to amend its answer to interpose certain new affirmative defenses to account for information received during plaintiff's deposition that (i) she was actively involved in packing the items that defendant transported, and (ii) a portion of the items for which plaintiff seeks damages were actually loaded into a third party's storage containers and not transported by defendant.[1] In support of its Motion, defendant points to excerpts from plaintiff's deposition taken on September 29, 2011, wherein she testified that she had packaged and boxed up items for moving, and that certain of her property had been picked up and moved by a non-party company (PODS) to a Brookley Field storage facility.

In opposition to the Motion to Amend, plaintiff states (without elaboration) that the information on which these new defenses are based "was available at all times during the pendency of this matter." (Doc. 18, ¶ 3.) Plaintiff does not expound on this allegation, much less identify record materials showing that this information was previously available to defendant. Nonetheless, review of the existing pleadings unequivocally refutes defendant's

---

[1] The three new affirmative defenses that defendant would add include a defense that it is not liable for Acts of the Shipper, that it is not liable under the Borrowed Servant Doctrine, and that it is excluded from liability under the limited service exclusion of 49 U.S.C. § 13102. (*See* doc. 15, at affirmative defenses 19-21.)

assertion that it was not aware (and could not have known) prior to September 29, 2011 that certain items "were loaded into the storage containers of a third party and were never transported by Florida Van Lines." (Doc. 16, ¶ 2.) In that regard, Plaintiff's Second Amended Complaint dated December 17, 2010 specifically alleges that "Plaintiff and defendants entered into a contract for Defendants to pack the Plaintiff's personal property and to ***load most of the items into PODs units which were not to be moved by Defendants.***" (Second Amended Complaint, ¶ 6 (emphasis added).) Given this clear allegation, defendant cannot profess surprise at plaintiff's deposition testimony that certain of her household goods were loaded into a third party's storage containers and not transported by defendant. Accordingly, to the extent that defendant wishes to amend its answer now to raise new affirmative defenses pertaining to the PODs units, their transportation by a third party, and defendant's noninvolvement in the transport of same, such an amendment is plainly untimely and improper because defendant could have alleged such affirmative defenses long before the August 26, 2011 deadline for amending pleadings. (*See* doc. 6, at ¶ 5.)

In light of the foregoing, defendant's proposed new affirmative defenses relating to the PODs units that defendant never transported are properly excluded because defendant had all the information it needed to interpose those defenses prior to the applicable deadline in the Rule 16(b) Scheduling Order, yet did not move to amend its pleading in a timely manner to assert those defenses. Defendant's showing thus falls well short of the "good cause" threshold necessary for modifying scheduling order deadlines after the fact. *See, e.g., Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)."); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1416, 1418-19 (11th Cir. 1998) (motion to amend pleadings after scheduling order deadline "must first demonstrate good cause under Rule 16(b)," which standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension") (citations and internal quotation marks omitted). The Motion to Amend Pleadings is therefore **denied** with respect to those proposed new affirmative defenses pertaining to third-party storage units that defendant never transported.

The remaining portion of the Motion to Amend Pleadings relates to information that plaintiff packed certain belongings herself. Although plaintiff insists that this information was

available to defendant at all times, she does not point to anything in the court file that might support such a conclusion.  The mere say-so of counsel is inadequate to establish such proof.  Nor does the Court's review of the file reveal any such disclosure by plaintiff prior to her September 29 deposition.  Given defendant's effectively unrebutted contention that it lacked information concerning plaintiff's role in packing the subject household goods herself, the Court finds the requisite "good cause" to permit the tardy amendment of defendant's pleading, notwithstanding the expiration of the Rule 16(b) scheduling order's deadline for doing so.[2]

For all of the foregoing reasons, defendant's Motion to Amend Pleadings (doc. 16) is **granted in part, and denied in part**.  The Motion is **denied** insofar as defendant seeks to interpose additional affirmative defenses relating to previously-disclosed facts that certain of plaintiff's belongings "were loaded into the storage containers of a third party and were never transported by Florida Van Lines." (Doc. 16, ¶ 2.)  The Motion is **granted** insofar as defendant seeks to amend its answer to include defenses relating to plaintiff's being "actively involved with the packing of the items which were subsequently transported by Florida Van Lines."  (*Id.*)  Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, defendant is **ordered**, on or before **October 26, 2011**, to file as a freestanding pleading its Amended Answer to Plaintiff's Second Amended Complaint, in substantially similar form to that document prematurely filed at document 15, but modified as appropriate to conform fully to the substance of this ruling.

DONE and ORDERED this 19th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In so determining, the Court has considered plaintiff's conclusory argument that allowing defendant to amend its answer in this respect would be prejudicial because plaintiff would be unable to conduct discovery as to that defense.  However, plaintiff has not identified any discovery whatsoever that would be necessary or even beneficial as to any affirmative defenses related to her own packing activities.  Obviously, plaintiff herself would have firsthand knowledge of any such packing activities that she performed; therefore, it is not at all apparent why she would require additional discovery as to this new defense.  On this showing, there is simply no basis for any finding of prejudice that might warrant disallowing the requested amendment.